UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Chevelle Taylor,<br><br>    Plaintiff,<br><br>    v.<br><br>Bobby Henry,<br><br>    Defendant. | Case: 1:17-cv-00373    (F-Deck)<br>Assigned To : Unassigned<br>Assign. Date : 3/10/2017<br>Description: Pro Se Gen. Civil |

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant the plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff, a resident of Hyattsville, Maryland, sues her former landlord for the return of a $750 security deposit. The complaint does not present a federal question, and the amount in controversy is well below the minimum threshold to establish diversity jurisdiction. A separate order of dismissal accompanies this Memorandum Opinion.

DATE: March 7th, 2017

_____
United States District Judge